**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD ALAN MAURICE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 20-5804 |
| TRANS UNION, LLC et al. | : | |

**SURRICK, J.**                                                        **NOVEMBER 30, 2023**

**<u>MEMORANDUM</u>**

Presently before the Court is Defendant United States Department of Education's[1]

("DOE") Motion for Summary Judgment (Mot., ECF No. 38).  For the following reasons, the

Motion will be granted.

**I.       BACKGROUND**

A Federal Direct PLUS Loan was secured in Plaintiff Donald Maurice's ("Maurice")

name to pay for his daughter's college tuition.  (Admin. Record, ECF No. 40-1, at 000034.)  A

parent can secure a Federal Direct PLUS Loan to cover a dependent child's undergraduate

educational expenses if they meet certain eligibility requirements.  *See* 20 U.S.C. §§ 1078-2,

1087e.  The Federal Direct PLUS Loan Application and Master Promissory Note was

electronically signed on December 12, 2012 in Maurice's name.  (Admin. Record at 000034).

The application lists Maurice as the "Parent of a Dependent Undergraduate Student" applying for

---

[1] Counsel for DOE also represents Miguel Cardona, the Secretary of DOE who was sued in his official
capacity.  (Am. Compl., ECF No. 26, ¶ 4.)  Counsel appears to have only filed its Motion on behalf of
DOE, (Mot. at 2-3), and Maurice specifies that he opposes the Motion filed by DOE and the Secretary of
Education.  (Opp'n, ECF No. 39-1, at 1.)  The claims against DOE and Secretary Cardona are identical,
and in previous filings, counsel for DOE has sought extensions on behalf of DOE and Secretary Cardona.
(*See* ECF Nos. 32, 35.)  The omission of Secretary Cardona on the instant Motion appears to be an
oversight of DOE's counsel.  Accordingly, our analysis of DOE's motion will apply to Secretary Cardona
as well.

a loan and uses his address, Social Security number, and driver license number.  (*Id*. at 000002, 000034.)  Beginning on December 13, 2012, funds were dispersed to Ithaca College, which Maurice's daughter attended.  (*Id*. at 000008, 000034.)  The loan was serviced by Navient Solutions, LLC ("Navient"), a federal loan servicer.  (Mot. at 3 (ECF pagination)).

Maurice only learned of the existence of the loan in the summer of 2016, according to an August 27, 2018, affidavit that he signed and included in his application for discharge.  (Admin. Record at 000032, 000025).  Before then, Maurice thought that his wife's employer had helped his wife secure grants and federal funding to pay for their daughter's college tuition.  (*Id*. at 000025.)   In June 2015, Maurice's wife died.  (*Id*.)  In the summer of 2016, Maurice began receiving statements from Navient addressed to his wife stating that she needed to make payments for the outstanding loan at issue in this action.  (*Id*. at 000025, 000032.)  Maurice communicated to Navient that his wife had died and provided her death certificate, and he thought that the loan would be forgiven as a result.  (*Id*. at 000025.)  He stated in the affidavit that he ultimately learned that his wife, "through fraud and manipulation of the system, had secured this loan with her name and my social security information and using my mother . . . as an endorser without her knowledge with all correspondence concerning this loan going through her."  (*Id*. at 000026.)  While Maurice stated in the affidavit that the loan was secured "with [his wife's] name," (*id*.), the application included in the administrative record indicates that it was completed in his name: "Donald A. Maurice."  (*Id*. at 000034.)  Maurice made some payments on the loan so that it would not further impact his credit.  (*Id*. at 000025.)

On December 13, 2018, Maurice submitted an application for a False Certification Theft Discharge to DOE and Navient.  (*Id*. at 000008.)  When Maurice submitted the discharge application, $45,368.13 was owed, which included $33,000 principal and accrued interest.  (*Id*.)

On January 18, 2019, Navient informed Maurice that it was unable to confirm his claim of identity theft and that it closed its identity theft investigation. (*Id.* at 000004.) "Information on the promissory note was verified by the investigation." (*Id.*)

Maurice appealed Navient's denial of his request for a False Certification (Identity Theft) discharge to DOE, "alleg[ing] that [his] wife . . . used [his] personal information to secure federal student loan disbursements without [his] knowledge, consent, and authorization, for [his] daughter." (*Id.* at 000001.) On November 15, 2019, DOE upheld Navient's denial of Maurice's request for a discharge for false certification "[a]fter a thorough review of [Maurice's] request and information by all parties involved[] and based on a preponderance of the evidence." (*Id.*)

DOE found that "Navient completed an investigation and does not believe that Donald Maurice is a victim of identity theft." (*Id.*) The final administrative decision summarized the evidence on which Navient based its decision, including: the promissory note was electronically signed on December 12, 2012; the address, phone number, and email address for the borrower, and other information in the application were verified; and the history shows multiple logins to the Navient website for the account, as well as multiple payments made and deferment time used. (*Id.* at 000001-000002.) The driver's license number and social security number on the promissory note are associated with Maurice. (*Id.* at 000002.) Maurice also "did not provide a police ID theft report" and "Navient was not provided and was unable to locate information to support that ID theft occurred." (*Id.*) The loan in question benefitted the student for whom the loan was made, Maurice's daughter. (*Id.*) The letter stated that if Maurice disagreed with the final administrative decision, he could resubmit his application to the loan servicer and "provide any new compelling evidence" or seek judicial review of the administrative determination pursuant to the Administrative Procedures Act ("APA"). (*Id.*)

Maurice filed this action on November 19, 2020, against Trans Union, LLC; Experian Information Solutions, Inc.; Equifax Information Services; and Navient Corporation for violations of the Fair Credit Reporting Act and raising common law and equitable claims. (Compl., ECF No. 1.)  Maurice filed an Amended Complaint on March 31, 2021, adding the United States Department of Education, Miguel Cardona, in his official capacity as Secretary of the United States Department of Education, and Navient Solutions, LLC as defendants.  (Am. Compl.)  Pertinent to the instant motion, Maurice challenged DOE's final agency decision under the APA and sought a declaratory judgment that Maurice "was the victim of a crime of identity theft in connection with the [l]oan at issue" and additional relief.  (*Id*. ¶¶ 32-34, 36-38.)  All of the non-governmental defendants were dismissed from the action.  (ECF Nos. 20, 24, 27, 37.)  DOE filed a motion for summary judgment seeking dismissal of Maurice's Amended Complaint. (Mot.)

II.     **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "While summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency's action is supported by the administrative record and consistent with the APA standard of review, because the district judge sits as an appellate tribunal in such cases, the usual summary judgment standard does not apply."  *Dorley v. Cardinale*, 119 F. Supp. 3d 345, 351 (E.D. Pa. 2015) (citing *Uddin v. Mayorkas*, 862 F. Supp. 2d 391, 399 (E.D. Pa. 2012)).  In reviewing an agency decision under the APA, "the administrative agency is the finder of fact, and the district court does not need to determine whether there are disputed facts to resolve at trial."  *Byrne v. Beers*, No. 13-6953, 2014 WL 2742800, at *3 (E.D. Pa. June 17, 2014) (citing

*Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 770 (9th Cir. 1985)). "The function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Eng'g Co.*, 753 F.2d at 769.

## III.   DISCUSSION

Under the APA, a district court may "hold unlawful and set aside [an] agency action" if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 411 U.S. 138, 142 (1973). The scope of review under this standard is narrow and a court cannot substitute its judgment for that of the agency. *Judulang v. Holder,* 565 U.S. 42, 53 (2011). An agency's decision is in accordance with the law when it "articulate[s] a satisfactory explanation for its action[,] including a 'rational connection between the facts found and the choice made.'" *CBS Corp. v. Fed. Commc'ns Comm'n,* 663 F.3d 122, 137 (3d Cir. 2011) (quoting *Burlington Truck Lines, Inc. v. U.S.*, 371 U.S. 156, 168 (1962)).

An agency's findings are arbitrary and capricious where "'the evidence not only supports a contrary conclusion but compels it.'" *Yitang Sheng v. Attorney Gen. of U.S.,* 365 Fed. App'x. 408, 410 (3d Cir. 2010) (quoting *Abdille v. Ashcroft,* 242 F.3d 477, 483-84 (3d Cir. 2001)). "Reversal is appropriate only where the administrative action is irrational or not based on relevant factors." *NVE, Inc. v. Dep't of Health & Human Servs.,* 436 F.3d 182, 190 (3d Cir. 2006) (citing *Pennsylvania Dep't of Pub. Welfare v. United States Dep't of Health & Human Servs.,* 101 F.3d 939, 943 (3d Cir. 1996)). "An agency's decision should only be reversed when the evidentiary record is 'so compelling that no reasonable factfinder could fail to find' to the contrary." *Byrne*, 2014 WL 2742800, at *3 (quoting *I.N.S. v. EliasZacarias*, 502 U.S. 478, 483-

84 (1992)).  In determining whether an agency acted arbitrarily and capriciously, a district court

examines "whether the agency relied on factors outside those Congress intended for

consideration, completely failed to consider an important aspect of the problem, or provided an

explanation that is contrary to, or implausible in light of, the evidence."  *NVE, Inc.*, 436 F.3d at

190 (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43

(1983)).

     The Higher Education Act provides that "the Secretary [of Education] shall discharge the

borrower's liability" on a loan "made, insured, or guaranteed under this part . . . if such student's

eligibility to borrow under this part was falsely certified . . . as a result of a crime of identity

theft."  20 U.S.C. § 1087(c)(1).  Regulations promulgated under this law specify how an

individual qualifies for and may seek a loan discharge.[2]  In addition to regulations that apply to

all individuals seeking a loan discharge,[3] "an individual whose eligibility to borrow was falsely

certified because he or she was a victim of the crime of identity theft and is requesting a

discharge . . . must" meet specific requirements.  34 C.F.R. § 685.215(c)(5)(i).  They must:

> (A) Certify that the individual did not sign the promissory note, or that any other means of
> identification used to obtain the loan was used without the authorization of the
> individual claiming relief;

---

[2] The regulations pertaining to a false certification discharge were modified after DOE upheld Navient's
denial of discharge in this case.  *See* 34 C.F.R. § 685.215(c)(5).  Because DOE's decision predates these
regulatory changes, we apply the regulations that were in effect at the time of DOE's challenged action,
which were effective from March 19, 2019 to June 30, 2020.  *See, e.g., Western Watersheds Project v.
Perdue*, No. 21-20, 2023 WL 6377287, at *3 n.4 (D. Ariz. Sept. 29, 2023) (applying the regulation in
effect at the time of the agency's challenged decision, even though new regulations were in effect when
the court ruled); *Alliance for the Wild Rockies v. U.S. Forest Serv.*, No. 21-84, 2023 WL 5427921, at *2
n.1 (D. Mont. Aug. 23, 2023) (same).

[3] Discharge is only authorized for enumerated reasons, including death, total and permanent disability,
attendance at a school that closes, false certification, criminal identity theft, or unpaid refunds by a school.
34 C.F.R. § 682.402.  The regulations specify multiple requirements that must be met to qualify for
discharge, including the existence of a disqualifying condition and that the loan and payment were
unauthorized.  34 C.F.R. § 685.215(c).

(B) Certify that the individual did not receive or benefit from the proceeds of the loan with knowledge that the loan had been made without the authorization of the individual;

(C) Provide a copy of a local, State, or Federal court verdict or judgment that conclusively determines that the individual who is named as the borrower of the loan was the victim of a crime of identity theft; and

(D) If the judicial determination of the crime does not expressly state that the loan was obtained as a result of the crime of identity theft, provide:

(1) Authentic specimens of the signature of the individual, as provided in paragraph (c)(2)(ii) of this section, or of other means of identification of the individual, as applicable, corresponding to the means of identification falsely used to obtain the loan; and

(2) A statement of facts that demonstrate, to the satisfaction of the Secretary, that eligibility for the loan in question was falsely certified as a result of the crime of identity theft committed against that individual.

*Id*. Identity theft "[f]or purposes of this section . . . is defined as the unauthorized use of the identifying information of another individual that is punishable under 18 U.S.C. §§ 1028, 1028A, 1029, or 1030, or substantially comparable State or local law." *Id*. § 685.215(c)(5)(ii)(A).

Maurice has not satisfied the regulatory criteria for a loan discharge based on identity theft. Therefore, DOE's action upholding Navient's denial of a discharge was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

First, Maurice claims that he did not benefit from the proceeds of the loan because the loan was used to pay for his daughter's tuition. (Opp'n at 4.) He claims that DOE "offers no legal support that a parent should be considered the *de facto* beneficiary a student loan." (*Id*.) But Maurice's position is not supported by the statutory framework under which the loan at issue was made. "[A] graduate or professional student or the parents of a dependent student" are

7

eligible to apply for Federal PLUS loans.  20 U.S.C. § 1078-2(a)(1).  "[T]he terms 'student' and 'borrower' . . . shall include a parent borrower."  *Id*. § 1078-2(a)(3)(A).  Maurice cannot claim that he was not a beneficiary of the loan when it paid for his dependent daughter's tuition.  (*See* Admin. Record at 000034) (identifying "Donald A. Maurice" as the "Parent of a Dependent Undergraduate Student" on the Federal Direct PLUS Loan application).

Second, Maurice and DOE agree that Maurice did not provide "a local, State, or Federal court verdict or judgment that conclusively determines that [he] was the victim of a crime of identity theft."  (*See* Mot. at 12; Opp'n at 1-2, 4-6.)  To satisfy this requirement, Maurice seeks a declaratory judgment that he was the victim of identity theft.  (Am. Compl. ¶ 34; Opp'n at 4.)  Maurice claims that declaratory relief is the only way he can demonstrate that he is the victim of identity theft because he cannot pursue a criminal prosecution because his wife is deceased.  (*Id*.)

But declaratory relief is not possible here.  We have no jurisdiction to declare that Maurice was the victim of identity theft pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  *See Crisp*, 2022 WL 17741058, at *4; *Martin v Martin*, No. 21-1398, 2022 WL 1640348, at *6 (E.D. Mo. May 24, 2022).  The Declaratory Judgment Act "does not create an independent basis for federal jurisdiction, but rather only provides a remedy where jurisdiction otherwise exists."  *Prudential Prop. & Cas. Ins. Co. v. Patel*, No. 91-7100, 1992 WL 57679, at *1 (E.D. Pa. Mar. 18, 1992) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).  The Declaratory Judgment Act does not establish that "a cause of action may be brought in federal court in the absence of a statute specifically conferring jurisdiction."  *Borough of Morrisville v. Delaware River Basin Comm'n*, 382 F. Supp. 543, 545 (E.D. Pa. 1974).  Maurice does not cite authority upon which we may issue declaratory relief and we cannot identify one. *See Martin*, 2022 WL 1640348, at *6.  Thus, as other district courts have held, our "analysis of

DOE's application of the regulations begins and ends with the requirement that the alleged

borrower provide a copy of a judicial determination regarding their claim of identity theft."

*Pleasant v. Cardona*, No. 20-74, 2022 WL 36130, at *6 (W.D. Va. Jan. 4, 2022); *see also*

*Cianfrani v. Cardona*, 620 F. Supp. 3d 200, 204-05 (E.D. Pa. 2022) (rejecting plaintiff's

argument that he should not be required to provide a court verdict or judgment stating that he

was a victim of identity theft because his former spouse who falsely procured a loan had died

and upholding DOE's denial of discharge).  Because Maurice cannot produce a "verdict or

judgment that conclusively determines" that he "was the victim of a crime of identity theft," he

cannot seek a discharge.  Thus, DOE's application of the regulations in this case was neither

arbitrary nor capricious.

Our decision is in line with other district court that have similarly affirmed decisions of

DOE upholding loan servicers' denials of requests for discharge when parties have not

demonstrated that they were the victims of identity theft in accordance with the pertinent

regulations.  *See, e.g.*, *Crisp v. U.S. Dep't of Educ.*, No. 21-1649, 2022 WL 17741058, at *3-4

(D. Ariz. Dec. 16, 2022); *Cianfrani*, 620 F. Supp. 3d at 204-05; *Pleasant*, 2022 WL 36130, at *5-

7; *Nomesiri v. U.S. Dep't of Educ.*, No. 20-1440, 2021 WL 5771655, at *6-9 (E.D. Cal. Dec. 6,

2021); *Johnson v. U.S. Dep't of Educ.*, No. 17-2104, 2018 WL 3420016, at *3-4 (D. Md. July 13,

2018); *Castagnola v. Educ. Credit Mgmt. Corp.*, No. 11-688, 2013 WL 3288165, at *3-4 (S.D.

Ohio June 28, 2013).

Maurice argues that DOE's motion should be denied because "there is a factual dispute

between Plaintiff and DOE as to whether Plaintiff is the victim of identity theft."  (Opp'n at 4.)

Maurice contends that additional discovery is required to resolve this dispute.  (*Id*. at 4-5.)  But

Maurice has confused the summary judgment standard applied "in an original district court

proceeding" with the standard applied when a "district court is reviewing [on summary

judgment] a decision of an administrative agency which is itself the finder of fact." *Occidental*

*Eng'g Co.*, 753 F.2d at 770. "In the former case, summary judgment is appropriate only when

the court finds there are no factual issues requiring resolution by trial. In the latter case,

summary judgment is an appropriate mechanism for deciding the legal question of whether the

agency could reasonably have found the facts as it did." *Id.* DOE's decision is supported by the

administrative record. We have no basis on which to conclude that DOE's "administrative

action is irrational" or "contrary to, or implausible in light of, the evidence" to warrant reversal.

*See NVE, Inc.*, 436 F.3d at 190.

      Also, there is no basis upon which to hear witness testimony or review documentary

evidence outside of the administrative record. "Judicial review of administrative action is

limited to the administrative record." *Uddin*, 862 F. Supp. 2d at 400 (citing *NVE, Inc.*, 436 F.3d

at 190). "There is a strong presumption against discovery into administrative proceedings" in

order to "preserv[e] the integrity and independence of the administrative process." *NVE, Inc.*,

436 F.3d at 195. The Third Circuit has recognized exceptions to this general rule where "(1) the

plaintiff alleges bias on the part of the agency; or (2) factors indicate that the administrative

record submitted to the district court is incomplete." *Uddin*, 862 F. Supp. 2d at 400 (citing *NVE,*

*Inc.*, 436 F.3d at 195-96). Here, Maurice has not alleged that DOE was biased. DOE has

certified the administrative record, (*see* Admin. Record at 59 (ECF pagination)), and we decide

this Motion based on the administrative record alone. As a result, we see no basis to consider

discovery outside of the administrative record. Accordingly, DOE's Motion will be granted. An

appropriate order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**